UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL ORR,

    Plaintiff,

    v.                              CAUSE NO. 3:19-CV-441-RLM-MGG

WEXFORD OF INDIANA LLC, et al.,

    Defendants.

## OPINION AND ORDER

Plaintiff Michael Orr filed a complaint while being held at the Westville Correctional Facility. Since he is representing himself, the court construes the complaint liberally. *See* Erickson v. Pardus, 551 U.S. 89, 94 (2007). Because Mr. Orr is a prisoner, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action "is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Id.*

I.

The complaint alleges that Mr. Orr submitted a health care request for throbbing tooth and jaw pain but was put on a waiting list for more than three months. He doesn't say who put him on the waiting list nor why it took so long to send him to a dentist. Instead, he alleges that defendant Warden Mark Sevier knew the transports to the prison's medical facility were delayed but failed to

USDC IN/ND case 3:19-cv-00441-RLM-MGG   document 18   filed 11/17/20   page 2 of 6

improve the situation. Mr. Orr also says he filed grievances that defendants Warden Sevier and Nurse DeAngela Lewis denied.

Once Mr. Orr was taken to the dentist, defendant Dr. Peavey told him he was experiencing a medical, not a dental, issue and needed to be seen by defendant Dr. Andrew Liaw. Although Mr. Orr told Dr. Peavey that he was suffering extreme pain, Dr. Peavey didn't prescribe him any pain medication.

Two and a half months later, Mr. Orr submitted another healthcare request but got a note from Dr. Peavey three weeks later, reiterating a medical doctor, not a dentist, had to treat his pain. Two more weeks passed when Mr. Orr submitted another healthcare request and it took another month for Dr. Peavey to see him. Dr. Peavey treated him and since then, Mr. Orr has had no issues with his tooth. In all, six months had passed since Mr. Orr first complained about his toothache. He says he couldn't sleep well, had no appetite, and could barely eat during that six months.

Three days after Dr. Peavey treated Mr. Orr, Dr. Liaw saw him about his jaw pain but told him that he should see the dentist again because he couldn't do anything about it.

II.

Mr. Orr's allegations against Warden Sevier and Nurse Lewis are insufficient to subject them to a lawsuit. The complaint says nothing about what Nurse Lewis did or didn't do in relation to Mr. Orr's pain complaints. Similarly, while Mr. Orr says that Warden Sevier failed to ensure timely prisoner transports

2

to the medical ward, Mr. Orr doesn't say that Warden Sevier was personally involved with Mr. Orr's pain complaints. Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993). "'[N]o prisoner is entitled to insist that one employee do another's job,' and the division of labor is critical to the efficient functioning of the organization." Aguilar v. Gaston-Camara, 861 F.3d 626, 633 (7th Cir. 2017) (quoting Burks v. Raemisch, 555 F.3d at 594). The court of appeals in Burks dispelled the view that everyone who knows about a prisoner's problem must pay:

> The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen. [The] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.

3

Burks v. Raemisch, 555 F.3d at 595. Stating a claim requires more than alleging that a defendant is a supervisor or that he remotely knew of the plaintiff's complaints.

Mr. Orr has sufficiently alleged an Eighth Amendment claim against Dr. Peavey insofar as he alleges that Dr. Peavey sent him back without any pain medication even though Mr. Orr was experiencing an excruciating pain, and when Dr. Peavey failed to see him the second time. To prevail on an Eighth Amendment claim of inadequate medical care a prisoner must show that the responsible prison officials were deliberately indifferent to his serious medical needs. Dunigan ex rel. Nyman v. Winnebago County, 165 F.3d 587, 590 (7th Cir. 1999). This entails a two-step process: "[t]he plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard." Sherrod v. Lingle, 223 F.3d 605, 610 (7th Cir. 2000).

A serious medication condition "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." Greeno v. Daley, 414 F.3d 645 (7th Cir. 2005). For the second step, a prisoner must prove that a prison official "actually knew of and disregarded a substantial risk of harm." Petties v. Carter, 836 F.3d 722, 726 (7th Cir. 2016).

There's no question that Mr. Orr has sufficiently alleged that he was suffering a serious medical condition. Moreover, Mr. Orr says he told Dr. Peavey at the dental appointment that he was suffering an excruciating pain as a result

of a botched-up root canal procedure. Although Dr. Peavey believed that Mr. Orr needed a physician's attention, he nevertheless sent him away without prescribing any pain medication. When weeks later, Mr. Orr again requested an appointment with Dr. Peavey because his pain persisted, Dr. Peavey only wrote a note referring him again to a physician. Even later, when he actually treated Mr. Orr, his pain was resolved. It's plausible to infer that Dr. Peavey was deliberately indifferent to Mr. Orr's dental complaints.

The same can't be said of Dr. Liaw. In fact, the complaint doesn't say that Dr. Liaw was in any way involved in Mr. Orr's healthcare until after Dr. Peavey resolved his toothache. Mr. Orr's only allegation against Dr. Liaw is that he told him that he needed to be seen by a dentist instead: "I cannot do anything about dental because I'm not the dentist." (ECF 1 at 7.) These allegations are insufficient to state an Eighth Amendment claim.

Nor can Mr. Orr proceed against defendant Wexford of Indiana. The complaint only alleges Wexford has a financial incentive to deny medical services and medications. This is insufficient to subject Wexford to a lawsuit under the theory of municipal liability, which requires a showing of a policy or custom that results in injury. *See* Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); Rice v. Corr. Med. Servs., 675 F.3d 650, 675 (7th Cir. 2012).

Finally, Mr. Orr says he has an equal protection claim and a claim under the Americans with Disabilities Act but his complaint contains no allegations consistent with a recovery under that Act or that amendment.

For these reasons, the court:

(1) GRANTS Michael Orr leave to proceed on a claim for compensatory damages against Dr. Peavey, in his individual capacity: namely, that Dr. Peavey violated his rights under the Eight Amendment by denying him medical care after evaluating him for a severe toothache and then again when Mr. Orr submitted a second request to be seen by a dentist.

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Dr. Peavey with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS Wexford of Indiana to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of Dr. Peavey if he does not waive service and if Wexford of Indiana has such information;

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Peavey to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Mr. Orr has been granted leave to proceed in this screening order.

SO ORDERED on November 17, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
